Barzin Barry Sabahat (SBN 164248)
940 Saratoga Ave., #112
San Jose, CA 95129
Telephone: (408) 500-5280
Email: barry@anchorlawgroup.com

Attorney for Debtor,
Nariman Seyed Teymourian

# UNITED STATES BANKRUPTCY COURT FOR

# THE NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>NARIMAN SEYED TEYMOURIAN,<br><br>Debtor<br><br>PALADIN FUNDING, INC., A CALIFORNIA CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>NARIMAN SEYED TEYMOURIAN,<br><br>Defendant | CHAPTER 7<br>AP Case No. 24-03001<br>BK Case No. 23-30668<br><br>**ANSWER TO ADVERSARY COMPLAINT OF CREDITOR PALADIN FUNDING, INC. OBJECTING TO DEBTOR'S DISCHARGE AND FOR DETERMINATION THAT CERTAIN DEBTS ARE EXCEPTED FROM DISCHARGE** |

**COMES NOW** Defendant and Debtor NARIMAN SEYED TEYMOURIAN (hereinafter "Defendant" or "Teymourian") and does hereby Answer the Adversary Complaint filed by Plaintiff PALADIN FUNDING, INC., A CALIFORNIA CORPORATION (hereinafter "Plaintiff") in the bankruptcy estate of the Debtor as follows:

**ALLEGATIONS RE PARTIES**

1. Answering paragraph 1 of the Complaint, Defendant admits all allegations set forth therein.

2. Answering paragraph 2 of the Complaint, Defendant admits all allegations set forth therein.

## JURISDICTION, VENUE & STANDING

3. Answering paragraph 3 of the Complaint, Defendant admits all allegations set forth therein.

4. Answering paragraph 4 of the Complaint, Defendant admits all allegations set forth therein.

5. Answering paragraph 5 of the Complaint, Defendant admits all allegations set forth therein.

6. Answering paragraph 6 of the Complaint, Defendant admits all allegations set forth therein.

## PROCEDURAL BACKGROUND

7. Answering paragraph 7 of the Complaint, Defendant admits all allegations set forth therein.

## FACTUAL ALLEGATIONS

8. Answering paragraph 8 of the Complaint, Defendant admits all allegations set forth therein. Answering paragraph 8 of the Complaint, Defendant admits that the document attached to the complaint as Exhibit 1 appears to be a true and correct copy of what it purports to be. Answering paragraph 8 of the Complaint, Defendant admits that the document attached to the complaint as Exhibit 2 appears to be a true and correct copy of what it purports to be. Answering paragraph 8 of the Complaint, Defendant admits that the document attached to the complaint as Exhibit 3 appears to be a true and correct copy of what it purports to be.

9. Answering paragraph 9 of the Complaint, Defendant admits all allegations set forth therein.

10. Answering paragraph 10 of the Complaint, Defendant admits all allegations set forth therein.

11. Answering paragraph 11 of the Complaint, Defendant denies the allegations contained therein.

12. Answering paragraph 12 of the Complaint, Defendant denies the allegations contained therein.

13. Answering paragraph 13 of the Complaint, Defendant denies the allegations contained therein.

14. Answering paragraph 14 of the Complaint, Defendant denies the allegations contained therein.

15. Answering paragraph 15 of the Complaint, Defendant denies the allegations contained therein.

## COUNT I

## NON-DISCHARGEABILITY OF DEBTOR'S

## DEBTS PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

16. Answering paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. Answering paragraph 17 of the Complaint, Defendant denies the allegations contained therein.

18. Answering paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19. Answering paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

## COUNT II

## NON-DISCHARGEABILITY OF DEBTOR'S

## DEBTS PURSUANT TO 11 U.S.C. § 523(a)(4)

20. Answering paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

21. Answering paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22. Answering paragraph 22 of the Complaint, Defendant denies the allegations contained therein.

23. Answering paragraph 23 of the Complaint, Defendant denies the allegations contained therein.

## COUNT III

## NON-DISCHARGEABILITY OF DEBTOR'S

## DEBTS PURSUANT TO 11 U.S.C. § 523(a)(5)

24. Answering paragraph 24 of the Complaint, Defendant denies the allegations contained therein.

25. Answering paragraph 25 of the Complaint, Defendant denies the allegations contained therein.

26. Answering paragraph 26 of the Complaint, Defendant denies the allegations contained therein.

27. Answering paragraph 27 of the Complaint, Defendant denies the allegations contained therein.

FURTHER, AS SEPARATE AFFIRMATIVE DEFENSES to each and every claim for relief of the Complaint, Defendant is informed and believes, and on such information and belief alleges as follows:

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

(The Complaint fails to state a claim upon which relief can be granted)

As a first separate affirmative defense, Defendant alleges the Complaint fails to state a claim upon which relief can be granted. The facts in the Complaint do not give rise to a claim under the claims for relief set forth in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

As a second separate affirmative defense, Plaintiff is using litigation for improper purposes and he should be estopped from bringing an action against the Defendant by virtue of the Plaintiff's own bad faith actions.

## THIRD AFFIRMATIVE DEFENSE

(Lack of Standing)

As a third separate affirmative defense, Plaintiff lacks standing to assert the claims in the Complaint on behalf of Plaintiff and therefore is barred from bringing this action against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

(Defendant acted in good faith)

As a fourth separate affirmative defense, Defendant alleges that any and all acts allegedly performed by or on behalf of Defendant as alleged in the Complaint were performed in good faith, without malice, or any evil motive whatsoever, and were based upon legally sufficient justification. Plaintiff is, accordingly, barred from recovery to the extent that such recovery would require the element(s) of lack of good faith, insufficient justification, or the presence of malice.

## FIFTH AFFIRMATIVE DEFENSE

(Reasonable Expectations)

As a fifth separate affirmative defense, Defendant is informed and believes, and thereon alleges, that, to the extent Plaintiff is able to prove that Defendant violated any statute, ordinance, or regulation, Defendant, at all relevant times, did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

As a sixth separate affirmative defense, the Complaint, and each and every purported cause of action alleged therein, is barred by the doctrine of laches, in that Plaintiff unreasonably delayed in bringing the action because he did not act within a reasonable time in and has unreasonably delayed in the filing of this lawsuit, causing Defendant to suffer prejudice.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

As a seventh separate affirmative defense, Defendant is informed and believes that Plaintiff has waived some or all of the purported causes of action alleged in the Complaint by virtue of his prior representations, actions, and/or inaction.

## EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

As an eighth separate affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, to the extent that Plaintiff is estopped by his own conduct to assert any claims against or obtain any award from Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Consent)

As a ninth separate affirmative defense, Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrine of consent, to the extent that Plaintiff knowingly and voluntarily consented to and/or participated in some or all of the conduct upon which the claims alleged against Defendant are based.

## TENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As a tenth separate affirmative defense, the Complaint, and each and every purported cause of action alleged therein, is barred by the applicable statute of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

(Justification)

As an eleventh separate affirmative defense, any acts alleged to have been committed by Defendant were committed in the exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances.

## TWELFTH AFFIRMATIVE DEFENSE

(Bad Faith)

As a twelfth separate affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and his attorneys.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Breach of Duty)

As a thirteenth separate affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis alleges, that Plaintiff's claims, are barred by his own breach of the duties owed to Defendant under the law.

## FOURTEENTH AFFIRMATIVE DEFENSE

(*De Minimis*)

As a fourteenth separate affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Defendant's acts or omissions, if any, and the alleged time involved and/or damages are *de minimis*.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

As a fifteenth separate affirmative defense, Defendant is informed and believes that Plaintiff has failed to exercise reasonable care to mitigate his damages, if any were suffered, and

that his right to recover against Defendant should be reduced and/or eliminated by such a failure.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Fraudulent Acts of Others)

As a sixteenth separate affirmative defense, the Complaint, and each purported cause of action thereof, is excused by the fraudulent acts of third parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Fraudulent Acts of Plaintiff)

As a seventeenth separate affirmative defense, the Complaint, and each purported cause of action thereof, is excused by the fraudulent acts of the Plaintiff.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Negligent Acts of Others)

As a eighteenth separate affirmative defense, the Complaint, and each purported cause of action thereof, is excused by the negligent acts of third parties.

### NINETEENTH AFFIRMATIVE DEFENSE

(Reserving the Right to Amend for Further Defenses)

As a nineteenth separate affirmative defense, Defendant reserves the right to amend this Answer herein, including the addition of further affirmative defenses after Pleading and Discovery and Preparation for Trial.

### JURY DEMAND

Defendant demands a trial by jury.

**WHEREFORE, DEFENDANT** prays for judgment as follows:

1. That Plaintiff recover nothing by way of his Complaint or otherwise;
2. That Defendant recovers his costs of suit incurred in connection with this lawsuit;
3. That Defendant recovers his reasonable attorneys' fees incurred in connection with this lawsuit; and

4. For such other and further relief as the Court may deem just and proper.

Dated: February 5, 2024                    By: _____/s/_____
                                                Barzin Barry Sabahat, Esq.
                                                Attorney for Defendant,
                                                Nariman Seyed Teymourian